UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| "LILY", | Case No.: 23cv2283-LL-BLM |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED WITH PSEUDONYMS** |
| v. | |
| ROBERT JOHN LITTLE, | **[ECF No. 4]** |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Proceed With Pseudonyms [ECF No. 4] in this action. For the reasons articulated below, the Court **GRANTS** the Motion. Defendant has not yet entered an appearance in this action, and this ruling is subject to reconsideration if Defendant appears in this action and subsequently opposes this ruling.

**I.    BACKGROUND**

Plaintiff "Lily" is a victim depicted in a child pornography series and brings this action to recover liquidated damages, fees, and costs, under 18 U.S.C. § 2255(a) based on Defendant's conviction for knowing possession of child pornography involving them, in violation of § 2252(a)(4)(B). *See* ECF No. 1. Plaintiff seeks to proceed under a pseudonym to avoid harassment, injury, ridicule, and personal embarrassment. ECF No. 4 at 1.

## II.   LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000); Fed. R. Civ. P. 10(a)). However, in "unusual case[s], where there is a need for the cloak of anonymity," and "it is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment," the court may permit parties to proceed pseudonymously. *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (citing *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)). Thus, a party may proceed anonymously when: "(1) identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Advanced Textile Corp.*, 214 F.3d at 1068. (internal quotation marks and citations omitted). District courts look to the following factors to determine a party's need for anonymity: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, the (3) anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Id.* (citations omitted).

## III.   DISCUSSION

Plaintiff asserts that the disclosure of her identity in connection with a series of child pornography videos and images that depict her sexual abuse as a minor are highly personal, intimate, and humiliating. ECF No. 4 at 2. Those videos and images continue to be distributed and traded on the internet, Plaintiff continues to receive notices confirming that fact, and Plaintiff has been stalked and propositioned by numerous individuals in connection with the depictions of her abuse and exploitation. *Id.* at 2-3. Plaintiff continues to suffer psychologically as a result of her identity being exposed, and therefore makes every effort remain anonymous. *Id.* at 3. Accordingly, she requests to be permitted to proceed under a pseudonym to protect her fundamental interest in privacy. *Id.* at 8.

In support of Plaintiff's application, Plaintiff also filed a declaration by Carol L. Hepburn, who is counsel for Plaintiff in matters related to her status as a victim of child pornography. ECF No. 4-1. ¶ 1. Hepburn states that Plaintiff seeks to further distance herself from the online child pornography persona with which a different pseudonym was associated [*id.* ¶ 2], that Plaintiff's "images are still among the most widely traded child pornography images on the internet" [*id.* ¶ 3], that child pornography enthusiasts actively discuss Plaintiff using her legal name [*id.* ¶ 6], that communications made by child sex abuse material ("CSAM") consumers about Plaintiff "may include speculations on and the possibility of finding out her current whereabouts, appearance, vocations, college, and university attended, and other aspects of her daily life" [*id.* ¶ 11], that it is not uncommon for individuals to "common on a CSAM victim's current whereabouts or post other identifying information of a victim such as, the school or university a victim attends, the name of a sports team to which a victim belongs, a victim's community involvement, or images involving a victim's friends or acquaintances" [*id.*], that Plaintiff has severe psychological injuries resulting from being a victim of child pornography crimes [*id.* ¶ 12], and that Plaintiff lives in fear of consumers of CSAM in which she is a victim seeking her out and attempting to assault her [*id.*], and that Plaintiff believes that exposing her legal name to the public record puts her in physical danger [*id.*]. Additionally, both the Motion and declaration note that Plaintiff has been stalked by child pornography enthusiasts and one such stalker was convicted both of transporting her images and stalking her. ECF No. 4 at 2, 4-1 ¶ 5. The judgment in that case, *United States v. Gregory Hoffman*, No. 2:08-CR-27-RCJ-LRL (D. Nev. Apr. 30, 2010), attached as an exhibit to the declaration [ECF No. 4-2], show that the defendant was convicted of transporting child pornography and stalking under Title 18 of the United States Code, sections 2252A(a)(1) and 2261A(2)(A) [*id.* at 2].

Considering Plaintiff's Motion, supporting declaration, and the factors outlined in *Advanced Textile Corp.*, the Court finds that identification of the Plaintiff in this case would create the risk of retaliatory physical and mental harm, and that allowing Plaintiff to proceed under a pseudonym is necessary to preserve her privacy in the highly personal and

sensitive matter of her abuse and exploitation. The severity of the threatened harm of revealing Plaintiff's identity, the reasonableness of Plaintiff's fears based on their past and ongoing experiences, and Plaintiff's vulnerability to retaliation, as a victim of sexual abuse in the form of child pornography that continues to be widely circulated, is amply supported by Plaintiff's allegations, counsel's declaration, and a prior criminal judgment which highlight the extent to which those factors emphasize Plaintiff's need to proceed anonymously in this action. Furthermore, Defendant is not prejudiced by Plaintiff's anonymity, since the only two issues to be decided in a liquidated damages action under 18 U.S.C. § 2255(a) are victimhood and damages, and the publication of Plaintiff's legal name has no bearing on those issues. *See "AMY" v. Curtis*, No. 19-cv-02184-PJH, 2021 U.S. Dist. LEXIS 71361, at *11 (N.D. Cal. Apr. 13, 2021). Finally, there is "a strong public interest in maintaining the confidentiality of Plaintiff's identity, particularly in light of the highly sensitive and personal nature of Plaintiff's allegations." *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014) (citations omitted). The Court finds that "allowing victims of child pornography to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes and seeking civil remedies." *Doe v. Dinkfield*, No. 2:19-cv-01554-ODW, 2019 U.S. Dist. LEXIS 176357, at *4 (C.D. Cal. June 5, 2019) (citations omitted). "Thus, any interest that the public may have in knowing Plaintiff's actual identities is outweighed by their need for anonymity." *Cara v. Salley*, No. 2:23-cv-00803-LK, 2023 U.S. Dist. LEXIS 199161, at *6 (W.D. Wash. Nov. 6, 2023) (citations omitted).

### IV. CONCLUSION

For the reasons articulated above, the Court concludes that Plaintiff may proceed anonymously because their identification may create a risk of retaliatory harm and the need to preserve their privacy in a matter of sensitive and highly personal nature. *Advanced Textile Corp.*, 214 F.3d at 1068. Allowing Plaintiff to proceed under a pseudonym keeps with "the tradition of not revealing the names of the victims of sexual assault[.]" *Jordan v.*

*Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993). Plaintiff's Motion to Proceed With Pseudonyms is therefore **GRANTED**. ECF No. 4.

Defendant may object or otherwise move for reconsideration of this Order within fourteen days of appearing in this action.

**IT IS SO ORDERED**.

Dated:  December 28, 2023

_____
Honorable Linda Lopez
United States District Judge